**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE GRACIAN RIVERA,<br>Petitioner,<br>v.<br>WARDEN/FACILITY ADMINISTRATOR, et al.<br>Respondents. | Case No. 5:26-cv-03379-MRA-PD<br>(A-221-462-467)<br>**ORDER GRANTING PETITIONER'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER [5]** |

Before the Court is Petitioner's Ex Parte Application for a Temporary Restraining Order ("TRO") pending adjudication of the Petition for Writ of Habeas Corpus (the "TRO Application"). ECF 5. Petitioner is *pro se* and requests that the Court enjoin Respondents from transferring him from this district or executing a removal order pending final resolution of the Petition. *Id.* at 3. The Court read and considered the moving and opposing papers and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons stated herein, the Court **GRANTS** the TRO Application.

## I. BACKGROUND

Petitioner Jose Gracian Rivera ("Petitioner") filed this habeas petition on June 18, 2026. ECF 1. The petition alleges as follows:

Petitioner was born in Tijuana, Baja California, Mexico on March 26, 1987, and entered the United States in 2005 for the purpose of donating a kidney to his aunt. ECF 1

at 2. Petitioner has continuously resided in the United States since then. *Id.* Petitioner is married and has four stepdaughters, for whom Petitioner is the sole financial provider. *Id.* Petitioner has no criminal history. *Id.*

On May 2, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents in San Bernardino. *Id.* Petitioner claims the agents "[s]tated they were looking for an individual with the same characteristics as [Petitioner]," but then "explicitly told [Petitioner] they had mistaken [him] for someone else." *Id.* The ICE agents proceeded to arrest Petitioner without a warrant.

Petitioner's detention "triggered an acute emotional collapse" in his 19-year-old stepdaughter, which resulted in an emergency psychiatric hospitalization. *Id.* Petitioner's 16-year-old stepdaughter requires "intensive, ongoing psychiatric care" to treat severe ADHD and depression. *Id.* at 3.

The Petition requests that the Court order Petitioner's immediate release from ICE custody under reasonable conditions of supervision, or in the alternative, order Respondents M. Bowen, Warden at Adelanto ICE Processing Center; Markwayne Mullin, Secretary, United States Department of Homeland Security; Todd Blanche, Attorney General; Thomas Giles, Field Office Director; and James Pilkington, Assistant Field Office Director (collectively, "Respondents" or the "government) to provide him with an individualized bond hearing. *Id.* at 14. In the instant TRO, Petitioner seeks to enjoin Respondents from transferring him outside the Central District of California or executing a removal order pending final resolution of the Petition. ECF 5 at 3.

On July 8, 2026, Respondents filed an Opposition to the TRO Application asserting that "Petitioner appears to a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) *reconsideration granted in part*, 813 F. Supp. 3d 1075, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), *and amended and superseded on reconsideration*, 813 F. Supp. 3d 1084 (C.D. Cal. Dec. 18, 2025)." ECF 6 at 2. "Accordingly, Respondents acknowledge that Petitioner's claim in this action appears to

be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." *Id.*

## II. DISCUSSION

As an initial matter, although the TRO Application does not explicitly seek a bond hearing or release from custody, the government concedes (*see* ECF 9 at 2) that Petitioner is a member of "Bond Eligible Class" certified in *Bautista v. Santacruz*, which provides that class members detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *12 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). "Bond Eligible Class" members are defined as follows:

> Bond Eligible Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Id.* at *2. Thus, consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing. *Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

The Due Process Clause of the Fifth Amendment requires Respondents to provide Petitioner "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Section 1226(a) provides extensive procedural protections including that the bond hearing be "before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Bautista*, 2025 WL 3713987, at *9 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022)). Any "claims that the discretionary process itself was constitutionally flawed are 'cognizable in federal court on habeas because they fit comfortably within the scope of

§ 2241.'" *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011) (quoting *Gutierrez-Chavez v. INS*, 298 F.3d 824, 829 (9th Cir. 2002)).

Petitioner requests the Court bar Respondents from transferring him outside the Central District. ECF 5 at 2. "District courts in immigration habeas actions . . . retain the inherent equitable authority to restrict the transfer of petitioners during the pendency of the proceedings." *Quijada Cordoba v. Knight*, No. 1:25-CV-00605-BLW, 2025 WL 3228945, at *4 (D. Idaho Nov. 19, 2025) (citing *Oliveros v. Kaiser*, No. 25-CV07117-BLF, 2025 WL 2677125, at *8–9 (N.D. Cal. Sept. 18, 2025)). Here, the Court agrees that Petitioner's transfer would impact his ability to effectively litigate this case. *See Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-CV-03229-JAK-MBK, 2025 WL 4065463, at *7 (C.D. Cal. Dec. 26, 2025), *report and recommendation adopted sub nom. Vilca Yataco v. Warden Adelanto Det. Facility*, No. 5:25-CV-03229-JAK (MBK), 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) ("Petitioner's transfer would frustrate his ability to continue to litigate his habeas petition . . . . As such, it is reasonable to prevent Petitioner's transfer outside the District during the relatively short period it will take to resolve this petition."); *Ramirez Clavijo v. Kaiser*, No. 25-CV-06248-BLF, 2025 WL 2419263, at *7 (N.D. Cal. Aug. 21, 2025) (finding that the "equities strongly favor Petitioner remaining in this District pending the resolution of this matter" because, among other factors, "this will expedite resolution of this matter"").

## III. CONCLUSION

For the foregoing reasons, the TRO Application is **GRANTED** in so far as Petitioner shall not be transferred or removed from the Central District without further order of the Court pending resolution of the Petition, and Respondents are enjoined from continuing to detain Petitioner unless Petitioner is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **7 days** of the date of this Order. Respondents must provide Petitioner with a meaningful opportunity to be heard before a neutral arbiter and the opportunity to be represented by counsel and to present evidence.

Respondents shall also file proof that the bond hearing occurred and the decision of the immigration judge and/or the release order within **10 days** of this Order.

The parties are further **ORDERED TO SHOW CAUSE** why the Petition shall not be deemed moot once Respondents comply with this TRO and Petitioner is provided with an individualized bond hearing before an immigration judge. *See* L.R. 65-1. Written responses to the Order to Show Cause shall be filed no later than **July 30, 2026**. If the parties agree that dismissal of the habeas petition is warranted because the relief sought is now moot, they may also file a joint stipulation no later than **July 30, 2026**. The Court will order an OSC hearing only if necessary.

This TRO shall take immediate effect. The TRO may be extended for good cause or upon Respondents' consent.

**Respondents shall serve Petitioner with this Order within one (1) day of this Order and shall provide proof of service within three (3) days of this Order.**

**IT IS SO ORDERED.**

Dated: July 9, 2026

HON. MONICA RAMIREZ ALMADANI
UNITED STATES DISTRICT JUDGE